### IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CRIMINAL NO. 17-606-1** |
| v. | |
| **NASHADEEM HENDERSON** | **CIVIL NOS. 21-3821; 22-4181** |

### MEMORANDUM OPINION

**Rufe, J.**                                                                                              **August 7, 2024**

Defendant Nashadeem Henderson has filed several motions under 28 U.S.C. § 2255, a "motion to dismiss;" which this Court construes as a motion to vacate; and a motion for a sentence reduction.[1] For the reasons set forth below, the motions will be denied.

### I. BACKGROUND

On November 16, 2017, a federal grand jury returned a five-count indictment charging Defendant Nashadeem Henderson and his co-Defendant, Michael Hughes, with two counts of robbery, which interferes with interstate commerce, and aiding and abetting (Counts One and Three) and two counts of using, carrying, brandishing, and discharging a firearm during and in relation to a crime of violence, and aiding and abetting (Counts Two and Four).[2] Defendant Henderson was also charged with possession of a firearm by a felon (Count Five).[3]

---

[1] Henderson has also filed a Motion for Release of Documents and Motion for Leave to Proceed In Forma Pauperis. *See* Mot. [Doc. No. 231]. The motion is moot, since it appears that he has received the applicable documents and proceeded without payment.

[2] *See* Indictment [Doc. No.1].

[3] *Id.*

On October 4, 2019, pursuant to a plea agreement, Henderson pleaded guilty to Counts One, Two, Three, and Five and the government agreed to dismiss Count Four at sentencing.[4] The Court accepted Henderson's guilty plea after finding that it was knowing and voluntary.[5] In the plea agreement, Defendant agreed to give up his right to raise on appeal or collateral review any argument that "(1) the statues to which the defendant is pleading guilty are unconstitutional and (2) the admitted conduct does not fall within the scope of the statutes."[6]

As outlined in the Presentence Report, Henderson received a total of four criminal history points for two juvenile criminal offenses and a total of eight criminal history points for his three adult convictions. The total score of 12 placed him in criminal history category V and his total offense level was 29. Based on his combined guideline range on the robbery and 922(g) counts, his total guideline range was 260 to 295 months. On February 18, 2020, the Court imposed the recommended C Plea sentence of 216 months of imprisonment, with a 5-year period of supervised release.[7] Henderson did not appeal.

## II. Discussion

### A. Motions Under § 2255

Title 28, United States Code, § 2255(f) imposes a one-year statute of limitation on the filing of a habeas petition.[8] The one-year limitations period runs "from the latest of":

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States

---

[4] *See* Plea Doc. [Doc. No. 131].

[5] Hr'g Tr., October 4, 2019 [Doc. No. 141].

[6] Plea Doc. [Doc. No. 131] at 9.

[7] Crim. J. [Doc. No. 187].

[8] *See United States v. Brown,* 456 F. Appx. 79, 82 (3d Cir. 2012).

is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review;

or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.[9]

On August 27, 2021, Henderson filed the first § 2255 motion[10] Because Henderson was sentenced on February 18, 2020, and the judgment of conviction was entered on February 19, 2020,[11] his judgment became final when the time to appeal expired 14 days later, on March 4, 2020.[12] Therefore, under 2255(f)(1), Defendant had to file his § 2255 motion no later than March 4, 2021.[13] The motion was filed more than five months later, and is untimely.[14]

Henderson filed a second motion under § 2255 on October 17, 2022,[15] largely repeating the same arguments made in his initial petition. but also citing to *United States v. Taylor*, a

---

[9] 28 U.S.C. § 2255(f).

[10] Mot. Vac. [Doc. No. 238].

[11] *See* Min. Entry Proceedings [Doc. No. 186]; Crim J. [Doc. No. 187]

[12] *See Kapral v. United States*, 166 F.3d 565, 577 (3d Cir. 1999) ("If a defendant does not pursue a timely direct appeal to the court of appeals, his or her conviction and sentence become final, and the statute of limitation begins to run, on the date on which the time for filing such an appeal expired."); Fed. R. App. P. 4(b)(1)(A)(i) (setting the defendant's time to appeal at 14 days after the entry of the judgment).

[13] None of the other subsections of 2255(f) apply to Henderson's petition. Moreover, as the government notes, Henderson cannot rely on *United States v. Davis* to extend the time under § 2255(f) because that case was decided more than three months before his guilty plea. *See United States v. Davis*, 588 U.S. 445 (2019).

[14] *See* Mot. Vac. [Doc. No. 238].

[15] Mot. Vac. [Doc. No. 263].

Supreme Court decision issued on June 21, 2022.[16] However, even if this motion were construed as a timely amendment to his underlying petition,[17] it provides no basis for relief.

Henderson was convicted of a charge under 18 U.S.C. § 924(c), which provides for sentencing enhancements for defendants who use or carry a firearm "during and in relation to any crime of violence or drug trafficking crime."[18] In *Taylor*, the Supreme Court held that *attempted* Hobbs Act robbery is not a crime of violence under the elements clause of § 924(c).[19] In 2023, the Third Circuit ruled that *completed* Hobbs Act robbery has an element of actual or threatened force and therefore qualifies as a crime of violence for a § 924(c) conviction.[20] Because Henderson was charged with and convicted of a completed Hobbs Act robbery, the decision in *Taylor* cannot provide relief for Henderson.

Lastly, on October 18, 2022 (a day after his second petition), Henderson filed a third motion under § 2255.[21] Here, Henderson argues that his plea is void in light of *Rehaif v. United States*.[22] Any such claim is time-barred because *Rehaif* was decided in 2019 (more than a year before he filed his third § 2255 motion in 2022, and before his guilty plea).

---

[16] 596 U.S. 845 (2022).

[17] *See* 28 U.S.C. § 2255(f)(3) (the one-year statute of limitations runs from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review").

[18] 18 U.S.C. § 924(c)(1)(A).

[19] 596 U.S. 845, 852 (2022).

[20] *United States v. Stoney*, 62 F. 4th 108 (3d Cir. 2023).

[21] Mot. Vac. [Doc. No. 264].

[22] 588 U.S. 225 (2019).

### B. Motion to Dismiss

On October 4, 2023, Henderson filed a "Motion to Dismiss Counts One, Two, Three and Five Due to Actual Innocence."[23] As Henderson is proceeding *pro se*, the Court will construe his "motion to dismiss" as a motion to vacate due to actual innocence.[24] A district court is ordinarily limited by the one-year statute of limitations applicable to habeas petitions. However, "there is a narrow class of cases in which, in order to avoid a fundamental miscarriage of justice, evidence of a petitioner's actual innocence" permits courts to ignore procedural barriers to relief.[25] "A case in which a petitioner seeks to excuse his procedural default by advancing a claim of actual innocence is known as a 'gateway' case."[26]

The burden on a petitioner is high, however, and "tenable actual-innocence gateway pleas are rare."[27] For the Court to ignore the habeas statute of limitations based on a claim of innocence, "a petitioner must present new, reliable evidence" of his actual innocence "that was not presented at trial."[28]

While Henderson has labeled his petition as one due to "actual innocence," Henderson does not allege any facts supporting a claim that he did not commit the crimes of which he was convicted. Instead, Henderson contends that he is innocent due to numerous legal arguments,

---

[23] Mot. [Doc. No. 275].

[24] *See Vogt v. Wetzel*, 8 F. 4th 182, 185 (3d Cir. 2021) (*pro se* filings are to be liberally construed).

[25] *Houck v. Stickman*, 625 F.3d 88, 93 (3d Cir. 2010).

[26] *Id.*

[27] *McQuiggins v. Perkins*, 569 U.S. 383, 386 (2013).

[28] *Houck*, 625 F.3d at 93 (citation omitted).

many of which are outlined in his previous motions under § 2255.[29] Therefore, the actual innocence gateway is inapplicable and the motion to vacate is time-barred.

### C. Sentence Reduction

On December 8, 2023, Henderson filed a motion for a reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 821. 18 U.S.C. § 3582(c)(2) states:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

Part A of Amendment 821 altered U.S.S.G. § 4A1.1(d) and changed the way criminal history status points are calculated. In Part A of Amendment 821, the Sentencing Commission altered the status points provision, which now appears in Section 4A1.1(e). Under the new provision, defendants with seven or more criminal history status points now receive one status point instead of two if they committed the instant offense while under a criminal justice sentence.[30]

Henderson is not eligible for a sentence modification because he was not on probation, parole or "under a criminal justice sentence" at the time he committed the offense in this case. Henderson received 12 points for his prior convictions and none of his status points were pursuant to § 4A1.1(d). Therefore, Henderson is not available for relief pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 821.

---

[29] For example, Henderson reasserts his *Rehaif* claim and argues that the District Court lacked jurisdiction to charge him with attempted robbery because the robbery did not "affect interstate commerce."

[30] U.S.S.G. § 4A1.1(e).

## III. CONCLUSION

For the aforementioned reasons, Henderson's motions will be denied. An order will be entered.